**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| COMPUTER CIRCUIT OPERATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOCIONEXT INC.<br><br>Defendant. | Case No.: 6:20-cv-00046-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF COMPUTER CIRCUIT OPERATIONS LLC'S
SUR-REPLY TO SOCIONEXT INC.'S MOTION TO DISMISS**

With this sur-reply, CCO addresses a single issue that was not clearly presented in Socionext's opening brief, specifically, the argument that to be entitled to pre-notice damages CCO is required to plead marking activities occurring *prior* to its acquisition of the Patents-in-Suit in December 2018, of which it has no knowledge.

Socionext's reliance on *Express Mobile, Inc. v. Liquid Web, LLC*, 2019 U.S. Dist. LEXIS 64362 at *4-5 (D. Del. Apr. 15, 2019), where the Court effectively required the patentee to plead doing nothing in order to be entitled to past damages, is misplaced. The *Express Mobile* decision (which is not binding on this Court and has not been followed by other courts) dealt with patentee's failure to plead its own marking activities. Socionext proposes to extend this already dubious holding to prior patent owners. Extending *Express Mobile* in a manner suggested by Socionext would put Plaintiffs in an untenable position of having to plead product marking (or the lack of products to mark) before having the benefit of discovery into the activities of the previous patent owners and their licensees. Frequently, current patent owners have no connection to prior patent owners, are not aware of each prior license, and have no insight into

1

the activities of prior licensees. Both patent owners and accused infringers require discovery into these third-party activities. A more reasoned approach is to let the parties develop the record in discovery regarding the conduct of persons who previously had or still have interest in the Patents-in-Suit before the Court resolves CCO's request for past damages. Accordingly, CCO's allegations that

> As of the date of this First Amended Complaint, CCO is not aware of licensed products requiring marking prior to Socionext's notice of infringement of [the respective patent].

(*See* FAC ¶¶ 26, 33, 40, 47, and 54) are sufficient under the circumstances. Rather than dismissing the pre-notice damages for CCO's failure to plead facts that CCO cannot possibly know without discovery, the Court should permit discovery into the prior owners and licensees, which will inform CCO's entitlement to such damages.

Respectfully Submitted,

September 25, 2020

By: /s/ Andrey Belenky

Dmitry Kheyfits
dkheyfits@kblit.com
Brandon G. Moore
bmoore@kblit.com
**KHEYFITS BELENKY LLP**
108 Wild Basin Road, Suite 250
Austin, TX 78746
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
New York State Bar No. 4524898
abelenky@kblit.com
Hanna G. Cohen (Admitted *Pro Hac Vice*)
hgcohen@kblit.com
New York State Bar No. 4471421
**KHEYFITS BELENKY LLP**
1140 Avenue of the Americas, 9th Floor
New York, New York 10036

Tel. (212) 203-5399
Fax. (212) 203-6445

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MOST LAW FIRM, PLLC**
106 E. Sixth Street, Suite 900
Austin, Texas 78701
Tel/Fax: (512) 865-7950

*Attorneys for Plaintiff*
*Computer Circuit Operations LLC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 25, 2020, and it was served via CM/ECF on all counsel who are deemed to have consented to electronic service.

*/s/ Andrey Belenky*
Andrey Belenky
